UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DEANGELO BEASLEY BEY,               :
                                    :
        Petitioner,                 :   Civ. No. 18-3796 (NLH)
                                    :
    v.                              :   OPINION
                                    :
DAVID ORTIZ,                        :
                                    :
        Respondent.                 :
_____ :

APPEARANCE:
Deangelo Beasley Bey, No. 24416-076
FCI – Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

　　Petitioner Deangelo Beasley Bey, a prisoner presently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, in Fort Dix New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which appears to challenge the legality of his imprisonment. ECF No. 1, at 2. At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons expressed below, this Court will dismiss the Petition for lack of jurisdiction.

I.  BACKGROUND

Petitioner pled guilty and was convicted of violations of 21 U.S.C. §§ 841 and 846 in the U.S. District Court for the Western District of Tennessee on January 26, 2012.  See No. 10-cr-20386, ECF No. 173 (W.D. Tenn.) (minute entry).  He was also sentenced on that day to two concurrent terms of 180 months' imprisonment followed by four (4) years of supervised release.  Id., ECF No. 177 (judgment).  Although Petitioner initially appealed his judgment, it appears that the appeal was dismissed for want of prosecution.  See id., ECF No. 184.  On October 20, 2015, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Commission's Amendment 782.  Id., ECF No. 197.  The Western District of Tennessee granted that motion and reduced Petitioner's sentence to 144 months' imprisonment on November 3, 2017.  Id., ECF No. 200.  Petitioner has never filed a motion to vacate, set aside, or correct sentence with his sentencing court or otherwise.

In the Petition, Petitioner appears to challenge the validity of his imprisonment and seems to argue that he has not been convicted of a crime.[1]  "There has been no Judicial process used in Tennessee to seize my body and it be transferred in the

---

[1] The import of the Petition has been difficult to discern.  To the extent that the Petitioner believes that the Court has misconstrued the Petition, Petitioner may so notify the Court within thirty (30) days.

State of New Jersey. Chief Executive Officer David Ortiz [Warden of FCI Ft. Dix] never noticed grievant that he has been, by due process of law or executive military fiat power, convicted of a crime." No. 18-cv-3796, ECF No. 1, Pet. at 4. Petitioner asserts that "he has been held captive for over 6 years," presumably because Petitioner asserts he has never been convicted of a crime under which he could be imprisoned. Id. at 5. Petitioner seeks the production of "documentary and certified proof to establish, jurisdiction and legality of grievant[']s [Petitioner's] restraint," or, in the alternative, "the immediate release and discharge of grievant from restraint." Id. at 6.

## II. DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See

3

Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or

4

successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

5

proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction or his confinement, for a crime that an intervening change in the substantive law may negate. Instead, Petitioner's claim is only to contest the legality of his detention as he asserts he has not been convicted of any crime. Further, Petitioner has had multiple opportunities to seek judicial review as to his Western District of Tennessee conviction and sentence, including on

6

direct appeal and by his successful motion to reduce his sentence.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since he has not previously filed a § 2255 petition, Petitioner may choose to pursue that remedy in his district of sentencing. The Court finds that it is not in the interests of justice to transfer this habeas Petition because the Petition appears time barred, given the date of Petitioner's judgment of conviction in 2012. Petitioner is free to file a motion to vacate, set aside, or correct sentence pursuant to § 2255 in the U.S. District Court for the Western District of Tennessee on his own.

### III. CONCLUSION

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.

Dated: March 22, 2018        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.